UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEONARD STEVENSON                                                                                   PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:11CV-P50-H

KENTUCKY DEPT. OF CORRECTIONS et al.                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Leonard Stevenson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is incarcerated at the Kentucky State Reformatory (KSR), sues the Kentucky Department of Corrections; KSR Warden Cookie Crews, in her official capacity; KSR Correctional Officer Mark Wainscott, in his individual and official capacity; and unit administrator for the KSR Corrections Psychiatric Treatment Unit (CPTU) Amy Robey, in her official capacity. Plaintiff states that on February 21, 2010, he worked at the CPTU as an "inmate watcher," which entailed observing and watching over inmate patients confined to the CPTU. He states that on that date, Defendant Wainscott was informed that inmate Dremaine Swain was having problems with the plumbing in his cell; therefore, Defendant Wainscott went to Swain's cell and offered him a plunger but Defendant Wainscott failed to follow certain security procedures and thereby placed himself and others at risk. Plaintiff states that KDOC security policies require that before an inmate in CPTU who is on lock-down status has the door opened the patient must first be put in restraints. Plaintiff alleges that because Defendant

Wainscott did not apply the proper security procedure, when Defendant Wainscott opened Swain's door to hand him the plunger, Swain pushed the door fully open and forced his way out of the cell and then threw the plunger at Plaintiff and attempted to attack him. Plaintiff states that Swain was unsuccessful in his attempt to strike him with the plunger so Swain picked up a plastic chair, slinging it and hitting Plaintiff in the "upper torso area causing minimal physical damages." Plaintiff next states, "Although there was very little physical damage to the Plaintiff the emotional damage that he incurred is extremely significant. As a result of this unfortunate incident [Plaintiff] was reli[e]ved from his job and accused of having caused Swain's actions." As relief, Plaintiff wants a jury trial to determine fair compensation for his alleged injuries. He attaches copies of various grievances.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should

be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims against KDOC and Defendants in their official capacities***

Plaintiff sues KDOC, a state agency, and each Defendant in their official capacities. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state agency and these state officers in their official capacities, he fails to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.*

Because Plaintiff fails to state a claim upon which relief could be granted and because he seeks monetary relief from Defendants who are immune from such relief, the Court will dismiss these claims pursuant to §§ 1915A(b)(1) and (b)(2).

*Individual-capacity claim against Defendant Wainscott*

Plaintiff alleges that Defendant Wainscott did not apply the proper security procedure, allowing Swain to push the door open, force his way out of the cell, throw the plunger at Plaintiff, then attempt to attack him, and finally hit him with a plastic chair.

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, in order to support an action under § 1983, a plaintiff must establish something more than a lack of ordinary due care, inadvertence, or error. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A]llegations of negligence are insufficient to establish an eighth amendment claim that prison officials failed to protect [Plaintiff] from injury by other inmates." *Thornhill v. Rees*, No. 88-5646, 1988 WL 134494, at *1 (6th Cir. Dec. 16, 1988). To establish a constitutional violation for the failure to protect from harm by another inmate requires "deliberate indifference or wantonness." *McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988).

It appears that at most Plaintiff is alleging that Defendant Wainscott was negligent. Allegations that an officer was negligent do not establish an Eighth Amendment claim. *See Daniels v. Williams*, 474 U.S. 327, 333-36 (1986); *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987) (per curiam). The Eighth Amendment is not violated by negligent failure to protect inmates from violence. *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991). Because

Plaintiff does not allege intentional conduct on the part of Defendant Wainscott, the individual capacity claim against Defendant Wainscott will be dismissed as well.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009